UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FREDDIE BILLS, JR.,

        Petitioner,

Case No. 1:02-CV-244

v.

Hon. Richard Alan Enslen

KEN McKEE,

**ORDER**

        Respondent.
_____/

      Petitioner Freddie Bills, Jr. filed several motions seeking reconsideration, clarification and other relief concerning the Court's Final Order of March 21, 2005, which denied with prejudice his habeas petition and denied a certificate of appealability as to all issues asserted in the petition. Although Petitioner has also filed a notice of appeal concerning the Final Order, the Court retains jurisdiction to decide such motions under Federal Rule of Appellate Procedure 4(a)(4)(B) and Sixth Circuit precedent. *See Wikol ex rel. Wikol v. Birmingham Public Schs. Bd. of Educ.*, 360 F.3d 604, 607-08 (6th Cir. 2004) (explaining practice under Rule 4); *see also Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997) (holding that district courts must resolve motions for certificate of appealability first before consideration of the Court of Appeals).

      Regarding Petitioner's Motion for Clarification, Petitioner asks whether the Court intended to adopt certain words contained in the Report and Recommendation. The answer is that the Court intended to adopt every word contained in the Report and Recommendation within the context and meaning of the Report and Recommendation.

      Regarding Petitioner's Motion for Reconsideration (and the supplement to that Motion) and his Motion for Certificate of Appealability (which seeks reconsideration of the denial of a certificate

as to all issues raised in the Petition), reconsideration is permitted under Western District of Michigan Local Criminal Rule 47.3(a) only if the movant "demonstrate[s] a palpable defect by which the Court and the parties have been misle[d] . . . [and] that a different disposition must result from the correction thereof." Similarly, under Sixth Circuit case law interpreting general reconsideration standards, reconsideration is only appropriate if one of three conditions is met: 1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citing cases). In this case, Petitioner has not shown that he is entitled to relief under any of the applicable standards or conditions.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Freddie Bills, Jr.'s Motion to Clarify Final Order (Dkt. No. 108) is **GRANTED** to the extent that the Court clarifies the Final Order by this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Reconsideration and supplement (Dkt. Nos. 109 & 111) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for prompt adjudication (Dkt. No. 112) is **GRANTED** to the extent that the Court has expedited this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Certificate of Appealability (Dkt. No. 113) is **DENIED** pursuant to 28 U.S.C. § 2253(c).

DATED in Kalamazoo, MI:
    May 16, 2005

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE